In the Matter of the Construction of the Will of MARMADUKE RICHARDSON, Deceased.

Surrogate's Court, Saratoga County, April 25, 1928.

**Wills — construction — testator made several specific bequests to two individuals and provided that in event either died " before the execution of this will," bequests should be given to survivor of either — phrase referring to " execution " of will means time when executor would execute directions contained in will.**

Decedent made specific bequests by will to two designated individuals and provided that in the event of the death of either of the beneficiaries " before the execution of this will," the bequests should be given to the survivor of either.

The words " before the execution of this will " must be construed as referring to the time when the executor would execute the directions contained in the will, where the proof shows that immediately before and after the signing of the will the testator was in the office of one of the beneficiaries so that he at that time knew that said beneficiary was living.

Surrogate's Court, Saratoga County, April, 1928.          [Vol. 131

PROCEEDING for construction of will.

*Butler, Kilmer, Hoey & Butler* [*Walter P. Butler* of counsel], for the executor.

*Cadwalader, Wickersham & Taft* [*J: Delafield Du Bois* of counsel], for the residuary legatee.

*Spencer B. Eddy,* for Isaac Michaels and Roberta H. Browning Munn.

TUCK, S.   This is a proceeding to construe the paragraph of the will of Marmaduke Richardson, deceased, which reads as follows:

" I give, devise and bequeath to Charles H. Browning, the sum of Twenty Thousand dollars.   I give, devise and bequeath to Roberta B. Browning, daughter of Charles H. Browning, and wife of Claude Harris Munn, the sum of Twenty thousand Dollars. In the event of the death of Charles H. Browning or of his daughter, Roberta, wife of Claude Harris Munn, before the execution of this Will, I desire that the total sum of Forty thousand dollars bequeathed to them shall be given to the survivor of either.   I give, devise and bequeath to Isaac Michaels, the sum of Fifteen thousand dollars.   I give, devise and bequeath to Emma Michaels, wife of Isaac Michaels, the sum of Fifteen thousand dollars.   In the event of the death of Isaac Michaels or of his wife Emma Michaels before the execution of this my last Will, I desire that the total amount of Thirty thousand dollars bequeathed to them, shall be given to the survivor of either."

Charles H. Browning and Emma Michaels, the legatees above named, died subsequent to the execution of the will but prior to the death of the testator.   Roberta H. Browning Munn survived her father and is now living, and Isaac Michaels survived his wife and is now living.

The same construction arises in regard to both bequests and the words requiring construction are these: " before the execution of this Will."

The question arises whether execution therein referred to was the execution of the will by the testator by signing the same and having his signature witnessed and making the declaration as required by the statute, or whether it refers to the time of the testator's death, or whether it refers to the time when the executor would execute the directions contained in the last will and testament.

It is the duty of the court to construe a will in the light of the intention of the testator, and it is permitted to inquire into the circumstances surrounding the execution of the will in order to arrive at the testator's intention.

We have it established by proof in this proceeding that the testator was immediately before and after the signing of the will in the office of the above-named Isaac Michaels so that he at that time knew that Isaac Michaels was living.

If the word " execution " referred to in the will should be construed as the execution of the will by the testator the language used would be meaningless because it provided for the contingency which the testator knew had not happened.

A similar question was presented to the court in *Matter of Kear* (133 App. Div. 265) and the court there determined that the words " before the execution of this my last Will and Testament " referred to execution thereof by the executor in carrying out the directions of the testator. And such should be and is the conclusion of the court in the present proceeding.

A further question may be presented as to the payment of these legacies upon the contingency of the death of either of the legatees before payment is actually made. That question, however, is reserved.

Let a decree be entered accordingly.